And our last case that we're hearing today is Mary Wilson v. United States, Appeal Number 22-2087. Mr. Johnson. Good morning. May it please the court. Judge, this is up on a criminal rule 41-g motion that we had filed regarding some issues with our claim and mitigation claims that were filed. We filed the wrong form with the DEA back in the beginning of the seizure of this money that was in a federal airport and this is up in front of the judge and they said that there was no subject matter jurisdiction for the court to hear any claims brought out of the CAFRA statute and judge, we just disagree with that. We think that there is a federal question that purports to this claim of the money and the issues with the filings were fixed once we noticed that there was an issue with the As much as somebody can, you know, based off of our notice to find out that once we reached out to the DEA, they were unwilling to make the amendments and we don't have any other avenue to have someone step in besides through that jurisdictional part of the criminal procedure section. I don't see any questions, do you want to reserve the rest of your time for rebuttal? Yes, thank you. Mr. Chimura. Morning. Good morning. The District Court properly denied Appellant's Federal Rule of Criminal Procedure 41G motion. The court found that the Civil Asset Forfeiture Reform Act 2000, which is codified in 18 U.S.C. 983, provides the exclusive remedy for setting aside an administrative declaration of forfeiture. That exclusive remedy is only available due to inadequate notice. Here, relief was not available under 983 because notice in this case was proper and Appellant concedes that within their motion. Unless the court has any further questions, we ask that you affirm the District Court's decision. I have a question. Does the DEA, is there any mechanism for the DEA to extend the filing of a claim, the deadline for filing the claim? Does the DEA have that authority or discretion? The DEA must follow the statute, in which case if a claim is filed, there may be certain limitations where they can extend it, but the statute is to be followed. Okay, I just heard you say two different things, so can you break that down a little bit? If a claim is, if I'm understanding you correctly, the question is if a claim is filed and it's late, can the DEA extend that? Yes. The DEA must follow the statute. If a claim is late, then the DEA cannot extend it. Okay, so now you're saying no. Okay, because I heard you saying earlier there are certain ways. I apologize for that, Your Honor. I misconsidered that with petition for remission. Ah, which is a source of the confusion here to begin with. Look at that. Okay. All right, second question. There is a distinction here that's important between seized property and forfeited property, it seems to me. And so we've got a date issue. You know, the forfeiture became official on the 20th of April. And Appellant Wilson filed this motion, which is specific to seized property, not forfeited property, on April 12th. So the property hadn't been forfeited yet when Appellant Wilson filed this motion. So is there any merit to an argument that for those eight days, you know, a Rule 41G motion was the proper vehicle? No, Your Honor. And the district court had jurisdiction. Once the administrative process has started, then it moves outside of the bounds of 41G. 41G would have to be filed before the administrative process started, especially here with the facts before us that a petition for remission is filed by the claimant. Therefore, we're within the bounds of administrative forfeiture. And to file a 41G motion at the point of April 12th would be too late in regards to that. Then you're under the jurisdiction of 98-3. And, in fact, the forfeiture procedures didn't start because the petition for remission was filed. They started because the notice was sent. That is correct. When the DEA. Very well. Unless there are any further questions for the court, we would ask that you affirm the district court's decision. Thank you. Thank you, Mr. Tremorrow. Mr. Johnson, would you like to add anything? Yes, sir. Regarding the court's question pertaining to the 41 filing during that break of the seizure, our point is that Ms. Wilson should have had a chance to fight the actual seizure and the probable cause that was actually around the seizure. And that's why we filed the motion. She hasn't had a chance to have her rights really. It hasn't had a chance to dispute the right of the seizure and whether or not it was drug proceeds, even though it did start a forfeiture proceeding back then. They still have the property. And in their motion, they're arguing that, well, it was forfeited. So there's no basis for us to even say that. But they did that knowing that we were going to file this motion. Once they received the motion, then they forfeited the money. They still had it. I mean, the money's been held the whole time. And they have extended it. We did cite in our motion that they do have discretion to extend it. And for these exact reasons, that would be why they should have extended it. And they didn't. And that's why it's in front of you. Well, where is your authority for that? Because on page 8 of your brief, you say, the court maintains the authority to exercise its discretion in order to excuse a late filing when the claimant can show excusable neglect and a meritorious defense. And then you cite three factors that could excuse a late filing like yours under the Claim Asset Forfeiture Recovery Act. But there's no citation there on page 8 when you talk about those three factors. So where is that from? I'm not aware of any case law for this proposition, nor any authority in the statute. So apologies if I missed this. But where is that authority coming from right there? Judge, I believe that's in – I can file a supplemental to make sure. But my understanding was that that is from the procedure manual on the federal guidelines for seizures, like the policy manual of the agency. So that's online. They just published a new one. I can file a supplemental on that. But they just talked about them having discretion. And from filing a lot of these claims, like everything has been – based off COVID extensions and things, that everything happens. So I don't know if that has any factors to do with a lot of the issues that we were having and everyone else. But if you like that, I could file a supplemental regarding that. Judge, but the – Well, the place to have put the citation would have been in the brief. Exactly, Judge. I apologize. There is, I think, more than just a hard point issue with the DEA and whether or not the filings could have happened because there's more of an issue on how the website is set up and what you're able to do and how you're supposed to file a claim. And they tell you a lot of different things that conflict each other. There's not just a hard line rule. You have to file this within 35 days. And we did. We thought we were filing a claim. But it was – they had updated it, and it was a different form on the website that got filed, and there was another issue we had with another case with the same form that was messed up, that was incorrectly filed. But they still knew that we had asked that we claim property in the form. We're still claiming – having the claimants' rights preserved. We're reaching out to the DEA. We told them we want to claim this money, and it was just in the wrong basic form. But they had gotten it within time. We understand your argument. One other hook you suggest for us is the relation back doctrine. Do you have any authority or any precedent for applying the relation back doctrine, which is really about filing in federal civil court? Do you have any precedent about applying that in this administrative setting? No, there's nothing on it, Judge. And this, I think, would apply to it. I think there's reasons for – there's nothing that prohibits it in the statute that says you can't do that. And that's, like, really an important factor, I think. If they said you wouldn't be able to do this. The statute does say the district court does not have jurisdiction. It doesn't say you can't refile, though, basically, if you filed incorrectly. It doesn't say that that's not allowed. I thought that would be more of what we're saying, that, okay, we filed this. It technically was the wrong form. We just noticed it. We're telling you here's the correct form. Why is that a problem? And the reason that should be okay is it doesn't say you can't do that. And that would be our argument with that. Thank you. And if there's no other questions. Thank you, Mr. Johnson. The case will be taken under advisement. And that's our last case of the day. So the court will stand adjourned.